UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LAWRENCE MEGGINSON, : | |
| : | |
| Plaintiff, : | Civ. No. 15-7161 (RBK) (AMD) |
| : | |
| v. : | |
| : | |
| INMATE CALDWELL, et al., : | **OPINION** |
| : | |
| Defendants. : | |

**ROBERT B. KUGLER, U.S.D.J.**

## I. INTRODUCTION

Plaintiff is a federal inmate who was previously incarcerated at F.C.I. Fort Dix, in Fort Dix, New Jersey. Plaintiff is now currently incarcerated at F.C.I. Schuykill in Minersville, Pennsylvania. He is proceeding *pro se* with a civil rights complaint filed pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Previously, this matter was administratively terminated as plaintiff had not paid the filing fee nor had he submitted a complete application to proceed *in forma pauperis*. Subsequently, plaintiff submitted a complete application to proceed *in forma pauperis* such that the Clerk will be ordered to reopen this case. Plaintiff's application to proceed *in forma pauperis* will be granted.

At this time, this Court must screen the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failing to state a claim upon which relief may be granted or because it seeks monetary relief from a defendant who is immune from suit. For the following reasons, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

## II.     BACKGROUND

The Court will construe the allegations of the complaint as true for purposes of this screening Opinion. The complaint names three defendants: (1) Inmate Caldwell; (2) Officer Hillman; and (3) Warden Hollingsworth.

Plaintiff was set to watch an NBA playoff game involving LeBron James on June 7, 2015 while incarcerated at F.C.I. Fort Dix. He asked inmate Caldwell to move his chair back, but Caldwell said no. Plaintiff then got up out of his chair and was carrying his chair to walk away. However, Caldwell swung at plaintiff several times and hit him in the head and right arm. Caldwell also bit plaintiff's left ear off. Furthermore, Caldwell lashed and bit into plaintiff's right middle finger which caused a tear to the bone.

Hillman checked on the room and saw blood on the floor. Plaintiff was then transported to an outside hospital. Hillman found plaintiff's ear and put it on ice to preserve it.

A surgeon ultimately attached plaintiff's ear back on, but told plaintiff that if the ear started to bleed or if puss appeared that he should notify the officer on duty. The surgeon also noted that nurses at Fort Dix should clean plaintiff's ear twice a day and that plaintiff should take pain pills. Plaintiff got pain pills two days later, but medical staff only cleaned his ear one time over the course of the next fourteen days.

After fourteen days, plaintiff was taken to the doctor. However, by that point, his ear was dead and it was removed by the surgeon. The surgeon then instructed that it was important for plaintiff to get his medicine but Federal Bureau of Prisons ("BOP") officers did not follow the surgeon's instructions. During this time period, plaintiff was placed in "the hole." According to plaintiff, an officer told him he was placed there because the altercation he had with Caldwell was considered a fight.

Plaintiff also states that the Warden and other officers made jokes about his ear.

Plaintiff further alleges at one point he was placed on the floor in a cell with two other inmates and that ants crawled on him.

Plaintiff argues that Hillman failed to properly protect him which violated his Eighth Amendment rights to be free from cruel and unusual punishment. Furthermore, plaintiff alleges that Hillman's actions in failing to protect him constituted negligence. Plaintiff seeks monetary and injunctive relief. With respect to injunctive relief, plaintiff seeks an order to arrange for follow-up medical treatment and physical therapy on his ear.

### III.   LEGAL STANDARDS

A.  Standard for *Sua Sponte* Dismissal

District courts must review complaints in those civil actions in which a plaintiff is proceeding *in forma pauperis. See* 28 U.S.C. § 1915(e)(2)(B). District courts may *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See id.* According to the Supreme Court's decision in *Ashcroft v. Iqbal,* "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim[1], the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside,* 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (per curiam) (citing *Allah v. Seiverling*, 229 F.3d 220, 223, (3d Cir. 2000)); *see also Malcomb v. McKean*, 535 F. App'x 184, 186 (3d Cir. 2013) (Rule 12(b)(6) standard applies to dismissal of complaint pursuant to 28 U.S.C. § 1915A for failure to state a claim) (citations omitted).

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Belmont v. MB Inv. Partners, Inc.,* 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal,* 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.,* 704 F.3d 239, 245 (3d Cir.2013) (citation omitted) (emphasis added).

   B. *Bivens* Actions

*Bivens* is the federal counterpart to 42 U.S.C. § 1983. *See Walker v. Zenk,* 323 F. App'x 144, 145 n.1 (3d Cir. 2009) (per curiam) (citing *Egervary v. Young,* 366 F.3d 238, 246 (3d Cir. 2004)). In order to state a claim under *Bivens*, a plaintiff must allege: (1) a deprivation of a right secured by the Constitution or laws of the United States; and (2) that the deprivation of the right was caused by a person acting under color of federal law. *See Couden v. Duffy,* 446 F.3d 483, 491 (3d Cir. 2006) (stating that under Section 1983 "an individual may bring suit for damages against any person who, acting under color of state law, deprives another individual of any rights, privileges, or immunities secured by the United States Constitution or federal law," and that Bivens held that a parallel right exists against federal officials); *see also Collins v. F.B.I.,* No. 10–3470, 2011 WL 1627025, at *6 (D.N.J. Apr. 28, 2011) ("The Third Circuit has recognized that Bivens actions are simply the federal counterpart to § 1983 claims brought against state officials' and thus the analysis established under one type of claim is applicable under the other.") (internal quotation marks and citations omitted).

## IV. DISCUSSION

A. <u>Inmate Caldwell</u>

Plaintiff names inmate Caldwell as one of the defendants in this action. "However, Bivens only authorizes suit against federal officials in their individual capacities[.]" *Warren v. United States*, 279 F. App'x 162, 163-64 (3d Cir. 2008) (per curiam) (citing *F.D.I.C. v. Meyer*, 510 U.S. 471, 473 (1994)). Accordingly, as Caldwell is a federal inmate, not a federal official, plaintiff's *Bivens* claims against Caldwell will be dismissed with prejudice.

B. <u>Warden Hollingsworth & Officer Hillman</u>

Plaintiff also names Warden Hollingsworth and Officer Hillman as defendants in this action. "In order for liability to attach under [*Bivens*], a plaintiff must show that a defendant was personally involved in the deprivation of his federal rights." *Fears v. Beard,* 532 F. App'x 78, 81 (3d Cir. 2013) (per curiam) (citing *Rode v. Dellaciprete,* 845 F.2d 1195, 1207 (3d Cir. 1988)). "[L]iability cannot be predicated solely on the operation of respondeat superior. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Evancho v. Fisher,* 423 F.3d 347, 353 (3d Cir. 2005) (citation omitted).

    i. *Verbal Abuse*

The only specific allegation with respect to Hollingsworth in this case is that he made jokes about plaintiff's ear. However, "allegations of verbal abuse . . . absent any injury or damage, are not cognizable under [*Bivens*]." *Brown v. Hamilton Twp. Police Dep't Mercer Cnty., N.J.,* 547 F. App'x 96, 97 (3d Cir. 2013) (per curiam) (citing *McBride v. Deer,* 240 F.3d 1287, 1291 n.3 (10th Cir. 2001); *Freeman v. Arpaio,* 125 F.3d 732, 738 (9th Cir. 1997)). Plaintiff does not allege any actual injury stemming from Hollingsworth's conduct regarding his purported

verbal jabs at plaintiff's expense. Accordingly, plaintiff's federal claims against Hollingsworth fail to state a claim upon which relief may be granted.

      ii.     *Failure to Protect*

Plaintiff argues that Hillman is liable because he failed to protect him from Caldwell's attack. To state a claim for failure to protect from inmate violence, a plaintiff must allege that: (1) he was incarcerated under conditions posing a substantial risk of harm; (2) the official was deliberately indifferent to that substantial risk of harm; and (3) the official's deliberate indifference caused the harm. *See Bistrian v. Levi,* 696 F.3d 352, 367 (3d Cir. 2012) (citing *Farmer v. Brennan,* 511 U.S. 825, 834 (1994); *Hamilton v. Leavy,* 117 F.3d 742, 746 (3d Cir. 1997)). With respect to showing deliberate indifference, the Third Circuit has stated that:

> "Deliberate indifference in this context is a subjective standard: "the prison official-defendant must actually have known or been aware of the excessive risk to inmate safety." *Beers–Capitol* [*v. Whetzel*], 256 F.3d 120, 125 [(3d Cir.2001)]. It is not sufficient that the official should have known of the risk. *Id.* at 133. A plaintiff can, however, prove an official's actual knowledge of a substantial risk to his safety "in the usual ways, including inference from circumstantial evidence." *Farmer,* 511 U.S. at 842. In other words, "a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." *Id.*

*Bistrian*, 696 F.3d at 367.

In this case, plaintiff has failed to allege facts to support a claim of deliberate indifference on the part of Hillman for failing to protect him from Caldwell's violence. It does not allege that Hillman actually knew or had been aware of an excessive risk to plaintiff's safety at the hands of Caldwell. The complaint also does not allege facts that plaintiff was incarcerated under conditions posing a substantial risk of harm. Accordingly, plaintiff fails to state a *Bivens* failure to protect claim against Hillman.

iii.   *Medical Care*

Plaintiff alludes to various circumstances surrounding his medical care (or lack thereof) he received with respect to his injured ear after his altercation with Caldwell.

> For the delay or denial of medical care to rise to a violation of the Eighth Amendment's prohibition against cruel and unusual punishment, a prisoner must demonstrate "(1) that defendants were deliberately indifferent to [his] medical needs and (2) that those needs were serious." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). Deliberate indifference requires proof that the official "knows of and disregards an excessive risk to inmate health or safety." *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). We have found deliberate indifference where a prison official: "(1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a nonmedical reason; or (3) prevents a prisoner from receiving needed or recommended treatment." *Rouse*, 182 F.3d at 197. Deference is given to prison medical authorities in the diagnosis and treatment of patients, and courts "disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment. . . (which) remains a question of sound professional judgment." *Inmates of Allegheny Cnty. Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979) (quoting *Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir. 1977)). Allegations of negligent treatment or medical malpractice do not trigger constitutional protections. *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976).

*Pierce v. Pitkins*, 520 F. App'x 64, 66 (3d Cir. 2013) (per curiam). Deliberate indifference can also be found "where the prison official persists in a course of treatment in the face of resultant pain and risk of permanent injury." *See McCluskey v. Vincent*, 505 F. App'x 199, 202 (3d Cir. 2012) (internal quotation marks and citation omitted). "A medical need is serious if it 'has been diagnosed by a physician as requiring treatment,' or if it 'is so obvious that a lay person would easily recognize the necessity for a doctor's attention.'" *See Mitchell v. Beard*, 492 F. App'x 230, 236 (3d Cir. 2012) (per curiam) (quoting *Atkinson v. Taylor*, 316 F.3d 257, 272-73 (3d Cir. 2003) (quoting *Monmouth Cnty. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987))).

While the allegations of the complaint indicate that plaintiff was not given the treatment prescribed by the surgeon when he returned to F.C.I. Fort Dix from the hospital, plaintiff does not state that Hillman or the Warden were personally involved in this denial of his medical care. Indeed, plaintiff does not state that Hillman or the Warden were involved or had knowledge that his ear was not being cleaned by the nurses twice a day after his surgery or that plaintiff was not receiving his pain pills. Furthermore, plaintiff does not allege that after his ear was removed by the surgeon, Hillman or the Warden had knowledge of the surgeon's further instructions that plaintiff needed his medicine or that they prevented plaintiff from receiving his medicine. Given the lack of allegations with respect to their personal involvement in plaintiff's denial of medical care claims, plaintiff fails to state a federal claim against Hillman and the Warden for denial of medical care.[2]

This does not end the inquiry on this claim however as plaintiff has also filed a request for injunctive relief seeking physical therapy and follow-up medical treatment. As previously noted, the surgeon noted that plaintiff should still be receiving medication. Plaintiff alleges that he is not receiving his medication. In such an instance, the Warden may be the proper defendant for this claim for injunctive relief. *See Colwell v. Bannister*, 763 F.3d 1060, 1070 (9th Cir. 2014) ("[A] corrections department secretary and prison warden were proper defendants in a § 1983 case because '[a] plaintiff seeking injunctive relief against the State is not required to allege a named official's personal involvement in the acts or omissions constituting the alleged

---

[2] The complaint alludes to an "officer" who did not follow the surgeon's instructions. However, plaintiff gives no indication in the complaint that this "officer" was Officer Hillman or the Warden. Furthermore, plaintiff gives no indication that Hillman or the Warden were involved in any way whatsoever in the denial of his medical treatment. In any proposed amended complaint that plaintiff may elect to file, plaintiff should include the specific names of the officers involved in the purported denial of his medical care and their purported conduct in denying his medical care so that, if he sufficiently states a claim, the amended complaint can be served on those individuals.

constitutional violation. Rather, a plaintiff need only identify the law or policy challenged as a constitutional violation and name the official within the entity who can appropriately respond to injunctive relief.'") (citing *Hartmann v. Cal. Dep't of Corr. & Rehab.,* 707 F.3d 1114, 1127 (9th Cir.2013)); *Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) ("Though Gonzalez does not allege any specific involvement by Gaetz in the treatment of his hernia, the warden of Menard is a proper defendant since Gonzalez seeks injunctive relief . . . . If Gonzalez was seeking only damages, the warden's lack of personal involvement would be conclusive, but since Gonzalez also seeks injunctive relief it is irrelevant whether the warden participated in the alleged violations.") (internal citations omitted). Nevertheless, plaintiff is no longer incarcerated at F.C.I. Fort Dix as he has been transferred to F.C.I. Schuykill in Pennsylvania. A prisoner's transfer from the prison complained of generally moots his claims for prospective injunctive or declaratory relief. *See Sutton v. Rasheed*, 323 F.3d 236, 248 (3d Cir. 2003); *Weaver v. Wilcox*, 650 F.2d 22, 27 n.13 (3d Cir. 1981). As plaintiff has been transferred to a new prison, his claims for injunctive relief for denial of his medical care claims are moot against defendants Hillman and the Warden. Accordingly, plaintiff's federal denial of medical care claims against these two defendants will be dismissed without prejudice.

    iv.    *Conditions of Confinement*

As described above, plaintiff states at one point he was placed on the floor in a cell with two other inmates and that ants crawled on him. The Eighth Amendment requires prison officials to provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must '"take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan,* 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer,* 468 U.S. 517, 526–27 (1984)). A prisoner asserting a condition of

confinement claim must show that the alleged deprivation is "sufficiently serious" and that he has been deprived of the "minimal civilized measure of life's necessities." *Id.* at 834 (citing *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981)). These minimal civilized measures of life's necessities include food, clothing, shelter, sanitation, medical care and personal safety. *See Betts v. New Castle Youth Dev. Ctr.,* 621 F.3d 249, 256 (3d Cir. 2010) (citations omitted). The plaintiff must also allege that the prison official acted with deliberate indifference to the prisoner's health or safety. *See Wilson v. Seiter,* 501 U.S. 294, 298–99 (1991). Thus, "'the official must both be aware of facts from which the inference could be drawn that a substantial harm exists, and he must also draw that inference.'" *Wilson v. Burks,* 423 F. App'x 169, 173 (3d Cir. 2011) (per curiam) (quoting *Farmer,* 511 U.S. at 837). In analyzing whether the conditions of confinement violate the Eighth Amendment, a court examines the totality of the conditions at the institution. *See Nami v. Fauver,* 82 F.3d 63, 67 (3d Cir. 1996). "Relevant considerations include the length of confinement, the amount of time prisoners must spend in their cells each day, sanitation, lighting, bedding, ventilation, noise, education and rehabilitation programs, opportunities for activities outside the cells, and the repair and functioning of basic physical facilities such as plumbing, ventilation, and showers." *Id.* (citing *Tillery v. Owens,* 907 F.2d 418, 427 (3d Cir. 1990)); *see also Riley v. DeCarlo,* 532 F. App'x 23, 26 (3d Cir. 2013) (per curiam).

      At the outset, triple-celling in and of itself does not violate the Constitution. *See North v. White,* 152 F. App'x 111, 113 (3d Cir. 2005) (per curiam) ("Double or triple-bunking cells, alone, is not per se unconstitutional.") (citing *Union Cnty. Jail Inmates v. DiBuono,* 713 F.2d 984, 1000 (3d Cir. 1983)); *Gibase v. George W. Hill Corr. Facility,* No. 14–3261, 2014 WL 2749366, at *2 (E.D. Pa. June 16, 2014) ("[H]ousing multiple inmates in a cell does not alone establish a constitutional violation.") However, it is improper to consider the conditions in isolation as the

Court must consider them in their totality. *See Nami,* 82 F.3d at 67. Plaintiff also alludes to the fact that ants crawled on him. Nevertheless, similar to his medical care claim, plaintiff does not allege that Hillman or the Warden acted with deliberate indifference with respect to this claim. Plaintiff does not allege that Hillman or the Warden were aware of facts from which the inference could be drawn that a substantial harm existed and that either drew that inference. *See Wilson*, 423 F. App'x at 173 (citation omitted). Therefore, plaintiff also fails to state a federal conditions of confinement claim and it will also be dismissed without prejudice.

      v.     <u>State Law Claims</u>

Plaintiff also alleges state law claims against the defendants. There are no more federal claims remaining against the defendants. Thus, the remaining potential basis for plaintiff's state law claims is supplemental jurisdiction pursuant to 28 U.S.C. § 1367. However, when a court has dismissed all claims over which it had federal question jurisdiction, it has the discretion to decline to exercise supplemental jurisdiction over the remaining state law claims. *See id.* § 1367(c)(3). Because plaintiff's federal claims against the defendants no longer remain, this Court will exercise its discretion to decline supplemental jurisdiction over plaintiff's state law claims.

## V.    CONCLUSION

For the foregoing reasons, plaintiff's federal claims against defendant Caldwell will be dismissed with prejudice for failure to state a claim. Plaintiff's federal claims against defendants Hollingsworth and Hillman will be dismissed without prejudice for failure to state a claim. The Court will decline to exercise supplemental jurisdiction over plaintiff's state law claims. An appropriate order will be entered.

DATED: December <u>4</u>, 2015

                                                s/Robert B. Kugler
                                                ROBERT B. KUGLER
                                                United States District Judge